UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BILL KOSTROUN,

                    Plaintiff,

      v.

NBA MEDIA VENTURES, LLC,

                    Defendants.

Case 1:16-cv-05276 (DAB)

ECF Case

## ANSWER OF DEFENDANT NBA MEDIA VENTURES, LLC

Defendant NBA Media Ventures, LLC ("NBAMV"), by its undersigned counsel, Cowan, DeBaets, Abrahams & Sheppard LLP, hereby answers the complaint of plaintiff Bill Kostroun ("Plaintiff") in this action dated July 3, 2016 ("Complaint"), as follows:

### Nature of the Action

1.    States that the allegations contained in Paragraph 1 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies the allegations contained in Paragraph 1, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the ownership of the claimed photograph and Plaintiff's occupation and therefore denies same, and admits that this case is a civil action against NBAMV purporting to arise under the Copyright Act and relating to a photograph of Isaiah Whitehead.

### Jurisdiction and Venue

2.    States that the allegations contained in Paragraph 2 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, admits

that this case is a civil action purporting to arise under the Copyright Act, and as such this Court would have subject matter jurisdiction.

3.     States that the allegations contained in Paragraph 3 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, admits that NBAMV is a Delaware limited liability company with its principal place of business in New York, and as such would be subject to personal jurisdiction in this Court.

4.     States that the allegation contained in Paragraph 4 is a conclusion of law as to which no responsive pleading is necessary, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4, and therefore denies same, because Plaintiff has not specified his theory of venue under 28 U.S.C. § 1391(b).

### Parties

5.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and therefore denies same.

6.     Admits the allegations contained in the first sentence of Paragraph 6 and denies the remaining allegations, except admits that NBA Media Ventures LLC owns the nba.com domain name.

### Statement of Facts

**A.  Background and Plaintiff's Ownership of the Photograph**

7.     States that the contents of Exhibit A speak for themselves.  Further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7, and therefore denies same.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8, and therefore denies same, and states that the material attached to the complaint as Exhibit B speaks for itself.

9.      States that the allegations contained in Paragraph 9 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9, and therefore denies same.

10.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10, and therefore denies same.

**B.  Defendant's Infringing Activities**

11.     Denies the allegations contained in Paragraph 11, admits that the referenced articles appear at the URLs listed in the complaint, but states that Exhibit C is not a true, complete, and accurate representation of the referenced articles as they appeared at the time of the screen captures, given that the screenshots are extremely blurry and the text thereon is impossible to read.

12.     Admits the allegations contained in Paragraph 12.

13.     Denies the allegations contained in Paragraph 13.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST NBA)**
**(17 U.S.C. §§ 106, 501)**

14.     NBAMV incorporates by reference each and every response contained in the preceding paragraphs.

15.     States that the allegations contained in Paragraph 15 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies

same, except admits the Photograph was displayed at the URL addresses referenced in

Paragraph 11 of the Complaint and that NBA Media Ventures LLC did not license the

Photograph from Plaintiff.

16.     States that the allegations contained in Paragraph 16 are conclusions of law as to

which no responsive pleading is necessary, but to the extent any response is required, denies

same.

17.     States that the allegations contained in Paragraph 17 are conclusions of law as to

which no responsive pleading is necessary, but to the extent any response is required, denies

same.

18.     States that the allegations contained in Paragraph 18 are conclusions of law as to

which no responsive pleading is necessary, but to the extent any response is required, denies

same.

19.     States that the allegations contained in Paragraph 19 are conclusions of law as to

which no responsive pleading is necessary, but to the extent any response is required, denies

same.

## SECOND CLAIM FOR RELIEF
## (INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST NBA)
### (17 U.S.C. § 1202)

20.     NBAMV incorporates by reference each and every response contained in the

preceding paragraphs.

21.     Denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in Paragraph 21, and therefore denies same.

4

22.     States that the allegations contained in Paragraph 22 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies same.

23.     States that the allegations contained in Paragraph 23 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies same.

24.     States that the allegations contained in Paragraph 23 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24, and therefore denies same.

25.     States that the allegations contained in Paragraph 25 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies same.

26.     States that the allegations contained in Paragraph 26 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies same.  Further states that attorney's fees are barred by 17 U.S.C. § 412 due to failure to register the claimed photograph with the U.S. Copyright Office in a timely manner.

27.     States that the allegations contained in Paragraph 27 are conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, denies same.

## **PRAYER FOR RELIEF**

Plaintiff's Prayer for Relief does not necessitate responsive pleading, but NBAMV denies that Plaintiff is entitled to any of the relief sought therein.

## DEFENDANT NBAMV'S AFFIRMATIVE DEFENSES

NBAMV makes the following allegations as affirmative defenses against the claims asserted against it without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters, and without waiving the right to assert and rely upon other defenses that become available or appear during the course of this action.

### FIRST DEFENSE

1.      To the extent any copyright has been infringed or any copyright management information has been altered or removed, which NBAMV denies, NBAMV's actions were innocent and non-willful.

### SECOND DEFENSE

2.      To the extent any copyright has been infringed or any copyright management information has been altered or removed, which NBAMV denies, Plaintiff has suffered no damages, or has suffered, at most, *de minimis* damages.

### THIRD DEFENSE

3.      To the extent any copyright has been infringed or any copyright management information has been altered or removed, which NBAMV denies, NBAMV made no profits, gains, or advantages from Plaintiff's copyright.

### FOURTH DEFENSE

4.      Plaintiff is without standing to bring this action because his complaint was filed prior to receiving a copyright registration for the photograph at issue.

### FIFTH DEFENSE

5.      Plaintiff's claims for attorney's fees and costs are barred by 17 U.S.C. § 412.

### SIXTH DEFENSE

6.      Plaintiff is not entitled to recover his costs or attorney's fees under 17 U.S.C. § 1203(b)(4) & (5).

NBAMV reserves the right to assert additional defenses as discovery in this case progresses.

WHEREFORE, NBAMV respectfully requests that this Court enter judgment in its favor and against Plaintiff, as follows:

1.      Denying all relief sought by Plaintiff in the Complaint;

2.      Dismissing the Complaint in its entirety with prejudice;

3.      Declaring that NBAMV has not infringed any copyright of Plaintiff's;

4.      Declaring that NBAMV has not altered, falsified, removed, or otherwise tampered with any copyright management information;

5.      Finding that Plaintiff is not entitled to damages;

6.      Awarding NBAMV its costs, including reasonable attorneys' fees in accordance with 17 U.S.C. § 505; and

7.      Granting all such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 26, 2016

COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP

By:   /s/Eleanor M. Lackman
Eleanor M. Lackman
Scott J. Sholder
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel.:  (212) 974-7474
Fax:  (212) 974-8474
elackman@cdas.com
ssholder@cdas.com

*Attorneys for Defendant NBA Media Ventures,
LLC*